**Ted Tyrone POOLE, Plaintiff–Appellant,**

v.

**Wendy JONES, Bonnie Fritz, and William Overton, Defendants–Appellees.**

No. 03–1405.

United States Court of Appeals, Sixth Circuit.

Dec. 15, 2003.

Ted Tyrone Poole, pro se, Ionia, MI, for Plaintiff–Appellant.

Kevin R. Himebaugh, Office of the Attorney General, Lansing, MI, for Defendants–Appellees.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

## ORDER

Ted Tyrone Poole, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Poole sued a prison mail room officer, a prison accounting supervisor, and the director of the Michigan Department of Corrections. Poole's complaint concerned the untimely payment of filing fees. Although Poole exhausted his available administrative remedies throughout the prison grievance process, the grievances were denied by prison officials as being untimely. Poole then filed a civil rights complaint with the district court. Upon de novo review of a magistrate

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

judge's report, the district court dismissed the complaint for Poole's failure to exhaust his available administrative remedies.

On appeal, Poole argues that the district court erred in dismissing his complaint without ascertaining whether he had fully exhausted his administrative remedies.

The district court's judgment is reviewed de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

We reverse the district court's judgment in light of this court's recent decision in *Thomas v. Woolum,* 337 F.3d 720 (6th Cir.2003). In *Thomas,* we held that when a prisoner, such as Poole, has presented his grievance through one complete cycle of the prison review process, the prisoner has exhausted his available administrative remedies under 42 U.S.C. § 1997e(a), regardless of whether the prisoner complied with the grievance system's procedural process. *Id.* at 733. As Poole exhausted his administrative remedies, although untimely, the district court erred in dismissing Poole's complaint. We note that *Thomas* was unavailable when the district court rendered its decision.

Accordingly, we vacate the district court's judgment and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.